# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAN F. BECKER, | CASE NO. 8:07CV00372 |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| UNKNOWN HUDSON, et. al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus. Filing No. 1. The petitioner claims he is a political prisoner. Read liberally, the petition alleges the petitioner was convicted on February 2, 2001, and is currently serving a sentence imposed by Holmes County, Ohio, Court of Common Pleas for rape, kidnaping, and false imprisonment. The petitioner claims the charges were fabricated by a United Way Victims Advocate working for the prosecutor, and that the Ohio state court trial and appellate tribunals were actually United Way secret tribunals. The petitioner is currently serving his sentence in the Mansfield Correctional Institution in Mansfield, Ohio. The Mansfield Correctional Institution, located in Richland County, Ohio, is within the geographic area served by the United States District Court for the Northern District of Ohio.

The court has conducted an initial review of the habeas corpus petition (Filing No. 1) to determine whether the petitioner has raised any potentially cognizable federal habeas claims. Petitioner is not confined in Nebraska. He is confined in Ohio and serving a sentence imposed by the Ohio state courts. This Court therefore lacks jurisdiction over this § 2254 Petition. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)("[F]or . . . habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Transfer of this case to the United States District Court for the Northern District of Ohio is not appropriate. The petitioner has previously filed numerous unsuccessful petitions for a writ of habeas corpus in the Ohio federal courts seeking to set aside or vacate his February 2, 2001, conviction and sentence. See Becker v. Hudson, 2006 WL 3791952, *2 (S.D. Ohio 2006). Becker v. Hudson, 2006 WL 3791952 was dismissed as a successive petition. The Ohio federal court explained that in 2004, the petitioner had previously filed a § 2254 petition in the United States District Court for the Northern District of Ohio challenging his February 2, 2001, conviction, the 2004 habeas corpus petition was dismissed as untimely, and dismissal was affirmed by the United States Court of Appeals for the Sixth Circuit. Becker v. Hudson, 2006 WL 3791952, *2. Pursuant to the relevant Sixth Circuit procedures on successive habeas petitions, the 2006 habeas petition was transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. The petitioner's application for permission to file a second or successive habeas petition under 28 U.S.C. 2244 was dismissed by the Sixth Circuit Court of Appeals for want of prosecution. Becker v. Hudson, 2:06CV00830, Filing No. 9.

Moreover, research in PACER reveals the petitioner has also filed § 2254 petitions across the country.[1] In its most recent dismissal of the petitioner's habeas petition, the United States District Court for the Northern District of Ohio reminded the petitioner that, since December 26, 2000, he has been enjoined from filing lawsuits in that district absent

---

[1]PACER records indicate that since October of 2006, this Petitioner has filed the same or similar habeas application attacking his conviction in the federal courts in Texas, Ohio, Florida, New Mexico, Tennessee, Illinois, California, Wyoming, Tennessee, Wisconsin, Washington, Arizona, South Carolina, Kansas, Iowa, Connecticut, the District of Columbia, Delaware, West Virginia, Kentucky, Massachusetts, Missouri, Virginia, New York, Georgia, North Carolina, Maryland, Pennsylvania, and Nebraska.

2

first obtaining leave of the court. <u>Becker v. Ohio State Legal Services Association</u>, 5:07-cv-01517-SO (N.D. Ohio 2007), Filing No. 11). The petitioner was further warned that he may be held in contempt of court if he again files an action without leave. <u>Id</u>.

IT IS ORDERED that:

1. The petitioner's Petition for Writ of Habeas Corpus, (Filing No. 1), is dismissed; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 3rd day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge