## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JAN F. BECKER,                          )
                                        )
                Petitioner,             )              8:07CV372
                                        )
        vs.                             )       MEMORANDUM AND ORDER
                                        )
UNKNOWN HUDSON, et. al.,                )
                                        )
                Respondents.            )

This matter is before the court on the Notice of Appeal filed by the petitioner, Jan F. Becker. The petitioner appeals the judgment (Filing Nos. 7 and 8) dismissing his Petition for Writ of Habeas Corpus ("§ 2254 petition"). The petitioner proceeded in forma pauperis on his habeas petition in this court. He now moves for leave to appeal in forma pauperis, (Filing No. 10), and has filed a prisoner account statement in support of that motion, (Filing No. 11).

Pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Fed. R. App. P. 24(a)(3). If a district court determines that an appeal is not taken in good faith, the court shall, pursuant to Fed. R. App. P. 24(a)(2), state the reasons in writing.

The record in this case establishes that the petitioner's § 2254 petition was denied for lack of jurisdiction because the petitioner is confined in Ohio and is serving a sentence imposed by the Ohio state courts. The case was not transferred to the United States District Court for the Northern District of Ohio because the petitioner has previously filed numerous unsuccessful § 2254 petitions in the Ohio federal courts (and other courts throughout the nation), and because the United States District Court for the Northern

District of Ohio has enjoined the petitioner from filing lawsuits in that district absent first obtaining leave of the court.

The petitioner's appeal of this court's ruling on his § 2254 petition is not based on any rational argument in law or fact which would entitle him to relief, is plainly frivolous, and is therefore not filed in good faith.  See  Neitzke v. Williams  490 U.S. 319, 326  (1989); Coppedge v. U.S., 369 U.S. 438, 445 (1962); Ellis v. U. S.  356 U.S. 674, 674-75 (1958). Since the appeal is not taken in good faith, the petitioner cannot file an appeal in forma pauperis.  See Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3).  If he is permitted to appeal this case, he must pay the $455.00 appellate filing fee.

However, before the petitioner may appeal the denial of his § 2254 petition, a Certificate of Appealability must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 petition is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A)   the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
> ....
>
> (2)   A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)   The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for

2

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing Barefoot v. Estelle, 463 U.S. 894 (1983) (which defined the pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484. Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . .  would find it debatable whether the district court was correct in its procedural ruling . . . .  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  Id.

Upon review and consideration of the record and the applicable law, the court concludes that the petitioner has failed to demonstrate that reasonable jurists would find that this court's ruling dismissing his § 2254 petition was debatable or wrong.  For the reasons stated herein and in the Memorandum and Order dismissing the § 2254 petition, (Filing No. 7), a request for a Certificate of Appealability must be denied.

THEREFORE, IT IS ORDERED:

1.      The petitioner's motion for leave to proceed in forma pauperis on appeal, (Filing No. 10), is denied because the appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3);

2.      To the extent the petitioner's notice of appeal, (Filing No. 9), seeks a Certificate of Appealability, this request is denied.  However, the petitioner may still seek a Certificate of Appealability from the Eighth Circuit Court of Appeals; and

3.      The Clerk of Court shall send a copy of this Memorandum and Order tot he parties and the Eighth Circuit as notice that the plaintiff has been denied IFP status and has not paid the $455.00 appellate filing fee;

DATED this 8th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4